665 A.2d 458

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert WHARTON, Appellant.**

Supreme Court of Pennsylvania.

Argued April 26, 1995.

Decided Sept. 29, 1995.

86

William T. Cannon, Philadelphia, for Robert Wharton.

Catherine Marshall, Helen Kane, Philadelphia, Robert A. Graci, Attorney General's Office, Harrisburg, for Commonwealth.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

NIX, Chief Justice.

Appellant, Robert Wharton, appeals from the imposition of two sentences of death for the murders of Bradley and Fern Hart. Appellant was convicted of these murders and sentenced to death in 1985 by a jury in the Court of Common Pleas of Philadelphia County. This matter initially came before this Court as a direct appeal of the sentences of death. This Court affirmed Appellant's convictions of murder of the first degree and rejected his allegations of trial error. *Commonwealth v. Wharton*, 530 Pa. 127, 607 A.2d 710 (1992). However, we held that the trial court's failure to instruct the jury on torture during the penalty phase was prejudicially deficient. *Id.* at 153, 607 A.2d at 723. Appellant's sentence was vacated and the matter remanded for a new sentencing hearing. *Id.* at 155, 607 A.2d at 724. On remand, a new jury was empaneled, and Appellant's penalty was again set at a sentence of death for each count of murder of the first degree.[1] Appellant's motions to set aside the verdict were argued before the trial court and denied. *Commonwealth v. Wharton*, Nos. 8402–2258 and 2262 (C.P.Philadelphia County Aug. 18, 1993). This matter is now before us as the direct appeal from the imposition of sentences of death,[2] and we affirm those sentences.

On January 30, 1984, Appellant and Eric Mason gained entrance to the Hart residence at knife point. Appellant forced Mr. Hart to write him a check for work over which Appellant and Hart had disputed. After tying up Mr. and

---

1. The jury found two aggravating circumstances, that the murder was committed while perpetrating a felony, 42 Pa.C.S. § 9711(d)(6), and that Appellant has been convicted of another offense punishable by life imprisonment or death, 42 Pa.C.S. § 9711(d)(10), which outweighed any evidence of mitigation concerning Appellant's character and record and the circumstances of the crime he committed, 42 Pa.C.S. § 9711(e)(8).

2. 42 Pa.C.S. § 9711(h)(1).

Mrs. Hart, Appellant and Mason took Mrs. Hart upstairs. They covered her eyes, nose and mouth with duct tape, tied her hands and feet with neckties, strangled her using a necktie, and held her head under water in the bathtub until she stopped breathing. Mr. Hart was taken to the basement where he was forced to lie down with his face in a pan of water while either Appellant or Mason held his foot on Hart's back and pulled on a electrical cord around Hart's neck causing his death. Appellant and Mason also abandoned the Hart's infant daughter in a bedroom after turning off the heat in the house.

■ Appellant first argues that the sentencing court erred in denying his pretrial motion to bar the penalty hearing on remand as it is an ex post facto application of 42 Pa.C.S. § 9711(h)(4).[3] Prior to the amendment of section 9711, this Court had the authority to either affirm a sentence of death or remand the matter for the imposition of a life imprisonment sentence. 42 Pa.C.S. § 9711(h)(2) (amended 1988). According to Appellant, this Court's remand of the matter for resentencing effectively increases his penalty from what it would have been if his appeal had been decided before the 1988 amendment of section 9711.

■ Appellant's argument must fail. This Court addressed the issue of whether applying section 9711(h)(4) to a matter which was on appeal at the time of the amendment constitutes an ex post facto law in *Commonwealth v. Young*, 536 Pa. 57, 637 A.2d 1313 (1993). There, the appellant was convicted of murder and sentenced to death prior to the amendment of section 9711(h)(2). His appeal from this sentence was pending when the legislature amended section 9711 to allow this Court to remand a death penalty matter for resentencing. This

---

**3.** 42 Pa.C.S. § 9711(h)(4) provides that

[i]f the Supreme Court determines that the death penalty must be vacated because none of the aggravating circumstances are supported by sufficient evidence or because the sentence of death is disproportionate to the penalty imposed in similar cases, then it shall remand for the imposition of a life imprisonment sentence. If the Supreme Court determines that the death penalty must be vacated for any other reason, it shall remand for a new sentencing hearing pursuant to subsection (a) through (g).

Court remanded for resentencing because the original sentencing jury had been provided with a verdict slip which violated the holding in *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988). Thus, Young was again exposed to the possibility of a death sentence. In affirming Young's sentence, we stated that

> [s]ection 9711(h) as amended did not deprive appellant of any substantial right protected by the Ex Post Facto Clause. It did not change the elements of the offense or the ultimate facts necessary to establish guilt. Nor did it increase the punishment which the law annexed to Young's crimes when committed. Finally, it did not alter the legal rules of evidence, so as to require less or different testimony than the law required at the time of the commission of the crimes in order to sentence appellant to death.

*Commonwealth v. Young*, 536 Pa. at 67, 637 A.2d at 1318. Accordingly, the application of section 9711(h)(4) to Appellant in the instant matter is not an ex post facto law, and Appellant's claim fails.

Appellant next argues that the sentencing court erred by effectively precluding him from pursuing as a mitigating circumstance his lack of a significant history of prior convictions. The sentencing court advised Appellant's counsel that if he presented evidence of a mitigating factor under 42 Pa.C.S. 9711(e)(1),[4] the Commonwealth would be permitted to present as rebuttal all of Appellant's prior convictions, including those which were contemporaneous with his convictions for the murders of the Harts. According to Appellant, these convictions are not prior convictions.

██ Appellant's argument is without merit. In *Commonwealth v. Haag*, 522 Pa. 388, 562 A.2d 289 (1989), this Court examined the issue of which convictions could be considered prior criminal convictions under section 9711(e)(1). We found

4. 42 Pa.C.S. § 9711(e)(1) provides:
> **(e) Mitigating circumstances.**—Mitigating circumstances include the following:
> (1) The defendant has no significant history of prior criminal convictions.

that the determining factor is whether the defendant had a particular conviction *at the time of the sentencing hearing. Commonwealth v. Haag,* 522 Pa. at 407, 562 A.2d at 298. Instantly, Appellant was convicted of criminal conspiracy, robbery, and burglary at the same time he was convicted of the first degree murders of Mr. and Mrs. Hart. Because these convictions existed at the time of Appellant's sentencing, it was not improper for the sentencing court to rule that evidence of these convictions could be used as rebuttal to the mitigating circumstance that Appellant did not have a significant history of convictions.

■ Appellant's next allegation of error relates to the sentencing court's preparation of the verdict slip. The verdict slip contained four aggravating circumstances and two mitigating circumstances. After quoting the language of the aggravating factor under 42 Pa.C.S. § 9711(d)(10),[5] the sentencing court added parenthetical language which read, "Defendant committed another First Degree Murder at the time of this murder." According to Appellant, this was impermissible, gratuitous language which precluded the jury from being able to consider this aggravating factor in a detached manner. Appellant also claims that this additional language violated Rule 357(a)(2) of the Pennsylvania Rules of Criminal Procedure, which requires the judge to meet with counsel prior to jury deliberations to determine which aggravating and mitigating circumstances apply based on the evidence. "The judge shall then set forth those circumstances on the sentencing verdict slip using the language provided by law." Pa. R.Crim.P. 357(a)(2). However, Appellant fails to cite, and our research does not uncover, any authority which would warrant reversal as a result of the additional language.

5. 42 Pa.C.S. § 9711(d)(10) reads:

> The defendant has been convicted of another Federal or State offense, committed either before or at the time of the offense at issue, for which a sentence of life imprisonment or death was imposable or the defendant was undergoing a sentence of life imprisonment for any reason at the time of the commission of the offense.

Although we would not normally condone a sentencing judge's addition of language to that already provided by the statute, we find that the language at issue was merely explanatory and did not in any way preclude the jury from carrying out its sentencing function in a detached manner. Because the verdict slip quoted the language of section 9711(d)(10), the sentencing judge cannot be said to have violated Rule 357(a)(2).

Appellant also cites this Court's decision in *Commonwealth v. Young*, 524 Pa. 373, 572 A.2d 1217 (1990), in support of his position that the verdict slip was improperly prepared. However, *Young* is not on point with the matter before us. In *Young*, the trial judge provided accurate oral instructions to the jury regarding the finding of mitigating factors; however, the verdict sheet incorrectly required that the jury find mitigating factors unanimously. We remanded the matter for resentencing because there was no way of knowing whether the jury followed the oral instructions given by the judge or the instructions as they appeared on the verdict slip. *Id.* at 396, 572 A.2d at 1229.

The type of conflict we were confronted with in *Young* does not present itself in the matter presently before us. The verdict slip in the instant case does not contain any inconsistencies with the oral instructions provided by the judge or any legal inaccuracies. As such, we find that the sentencing judge did not err in the preparation of the verdict slip.

Appellant also argues that the sentencing judge erred in refusing to grant a mistrial after the jury indicated that it was unable to reach a unanimous verdict. According to Appellant, the jury reached its verdict as the result of judicial compulsion. This argument is not supported by the evidence in this case.

The amount of time a jury is kept together to deliberate is within the discretion of the trial judge, and that decision will only be reversed for an abuse of discretion. *Commonwealth v. Chester*, 526 Pa. 578, 605, 587 A.2d 1367, 1380, *cert. denied*, 502 U.S. 959, 112 S.Ct. 422, 116 L.Ed.2d 442 (1991). Appel-

lant asserts that the jury conducted "two days of considerable deliberations;" however, this is not the case. When the jury informed the judge that it was unable to reach a unanimous verdict, it had only deliberated for a total of five hours and thirty-two minutes. *Commonwealth v. Wharton*, Nos. 8402–2258 and 2262, slip op. at 7 (C.P. Philadelphia County Aug. 18, 1993). At 4:35 p.m. on the second day of deliberations, the jury was dismissed for the day and instructed to return at 9:30 a.m. the following morning to resume deliberations. (N.T. 12/22/92, 13). The jury reached a unanimous verdict that following day at 3:00 p.m. (N.T. 12/23/92, 2).

There is no evidence that the sentencing judge abused his discretion in requiring the jury to deliberate further. The jury was required to consider almost six full days of testimony and argument prior to beginning its deliberations. During deliberations, the jury had to consider four aggravating circumstances and two mitigating circumstances in determining the sentences for two separate murders. Clearly, the decision to sentence a defendant to death is one which must not be made lightly and without full consideration of all the issues and evidence presented. Because there is no evidence that the sentencing judge abused his discretion in requiring further deliberations by the jury, Appellant's argument that he is entitled to a new penalty hearing must fail.

■ Appellant's final argument is that the sentencing judge erred in permitting the jury to view enlarged photographs of the victims and their daughter.[6] According to Appellant, the viewing by the jury of an eight by ten inch photograph of the decedents' daughter and a twenty-two by thirty-six inch photograph of the Harts, both taken prior to the murders, was an

6. Although Appellant alleged that the sentencing judge erred in allowing the jury to view photographs of the victims and their daughter in his post-trial motions, there is no evidence in the record that this issue was argued before the sentencing court, and the sentencing court did not address this issue in its opinion. Nonetheless, we will address this issue because it was raised in Appellant's post-trial motions and before this Court and because this Court relaxes its waiver rules in matters involving the death penalty. *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 454 A.2d 937 (1982), *cert. denied* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983).

appeal to the jury's sympathy and an attempt to instill hostility toward Appellant. Appellant further argues that the photographs were inadmissible because they were irrelevant in ascertaining Appellant's guilt or innocence, as his guilt had already been determined, and were irrelevant in establishing any of the aggravating circumstances.

The admissibility of photographs is within the discretion of the trial court, and that ruling will not be overturned absent an abuse of discretion. *Commonwealth v. Strong,* 522 Pa. 445, 452, 563 A.2d 479, 482 (1989), *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1536, 108 L.Ed.2d 775 (1990). Because the sentencing judge did not abuse his discretion in allowing these photographs into evidence, Appellant's argument fails.

The Commonwealth sought to prove as an aggravating circumstance that Appellant created a grave risk of death to someone other than the victims in committing the murders.[7] In *Commonwealth v. Edmiston,* 535 Pa. 210, 634 A.2d 1078 (1993), we held that the trial court had not erred in allowing into evidence at the penalty phase of trial the photograph of a two year-old child which had been taken six months prior to her death. *Id.* at 234, 634 A.2d at 1090. The photograph was admissible to show the size of the child in relation to the defendant who had raped and murdered her and as evidence of the aggravating circumstance that the murder was committed by means of torture. *Id.* Similarly, the photograph of the infant in the instant matter was probative of whether Appellant had created a grave risk of death to her. By showing a photograph of the child, the jury was able to see from her physical appearance that she was unable to care for herself upon being abandoned in a house where the thermostat had been turned down to approximately 50 degrees during the dead of winter. Moreover, Appellant cannot be said to have been prejudiced by the admission of this photograph in light of the fact that this was not one of the aggravating circumstances found by the jury.

7. 42 Pa.C.S. § 9711(d)(7).

94

 Appellant also fails to demonstrate how he was prejudiced by the admission of the photograph of the Harts taken prior to their murders. The jury had seen several photographs of the victims showing them bound, gagged and masked; photographs taken at the medical examiner's office; photographs of the crime scene; and photographs of the duct tape which had been removed from the victims bodies. Although this photograph is not part of the record, in light of the admission of these many other descriptive photographs, the passions of the jury cannot possibly be said to have been inflamed by one innocuous photograph held up by a witness showing the couple before they were murdered. As such, Appellant's claim must fail.

 Pursuant to our statutory duty under 42 Pa.C.S. § 9711(h)(3), a through review of the record in this matter reveals that the death sentence imposed by the jury was not the product of passion, prejudice or any other arbitrary factor. Additionally, the record supports the jury's finding of the aggravating circumstances under 42 Pa.C.S. § 9711(d)(6) and (10). The evidence is sufficient to establish that Appellant murdered the Harts during the perpetration of the felony of burglary. Each murder committed during this crime is punishable by life imprisonment or death and acts as an aggravating circumstance for the other. *Commonwealth v. Lee,* 541 Pa. 260, 282–83, 662 A.2d 645, 657 (1995).

Finally, the information compiled by the Administrative Office of Pennsylvania Courts reveals that the death sentence imposed on Appellant is not disproportionate to the sentences imposed in similar cases.

Judgement affirmed.[8]

Mr. Justice MONTEMURO is sitting by designation.

---

**8.** The prothonotary of the Supreme Court is directed to transmit the full and complete record in this case to the Governor. 42 Pa.C.S. § 9711(i).