**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**BAER, C.J., SAYLOR, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 788 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated |
| | : | October 23, 2019 of the Court of |
| | : | Common Pleas, Philadelphia |
| v. | : | County, Criminal Division at No. CP- |
| | : | 51-CR-0222581-1984. |
| | : | |
| ROBERT S. WHARTON, | : | SUBMITTED: June 29, 2021 |
| | : | |
| Appellant | : | |

**OPINION**

**JUSTICE MUNDY**                                   **DECIDED: November 17, 2021**

Appellant Robert Wharton appeals from the order of the Court of Common Pleas of Philadelphia County dismissing his fourth petition pursuant to the Post-Conviction Relief Act (PCRA)[1] in this capital case.[2]

I. Background

We have previously summarized the facts underlying Appellant's conviction as follows:

> On January 30, 1984, Appellant and Eric Mason gained entrance to the Hart residence at knife point. Appellant forced Mr. Hart to write him a check for work over which Appellant and Mr. Hart had disputed. After tying up Mr. and Mrs. Hart,

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Section 9546(d) of the PCRA designates exclusive jurisdiction to this Court over appeals from orders denying relief when the petitioner has received the death penalty. *See* 42 Pa.C.S. § 9545(d); *Commonwealth v. Williams* 196 A.3d 1021, 1024 n.1 (Pa. 2018).

> Appellant and Mason took Mrs. Hart upstairs. They covered her eyes, nose and mouth with duct tape, tied her hands and feet with neckties, strangled her using a necktie, and held her head under water in the bathtub until she stopped breathing. Mr. Hart was taken to the basement where he was forced to lie down with his face in a pan of water while either Appellant or Mason held his foot on Hart's back and pulled on an electrical cord around Hart's neck causing his death. Appellant and Mason also abandoned the Harts' infant daughter in a bedroom after turning off the heat in the house.

*Commonwealth v. Wharton*, 811 A.2d 978, 981 (Pa. 2002) (*Wharton III)* (quoting *Commonwealth v. Wharton*, 665 A.2d 458, 459-60 (Pa. 1995) (*Wharton II)*). A jury convicted Appellant of two counts of first-degree murder, four counts of criminal conspiracy, four counts of burglary, and one count of robbery. The jury subsequently sentenced Appellant to death for each of the murder convictions, and the court sentenced him to a consecutive aggregate term of incarceration of 39 to 140 years for the remaining charges. On direct appeal, this Court denied guilt phase relief but vacated the death sentence and remanded for resentencing based on a holding that the trial court's failure to define the term torture for the jury was prejudicially deficient. *Commonwealth v. Wharton*, 607 A.2d 710, 724 (Pa. 1992) (*Wharton I)*. Following a new sentencing hearing, a jury once again sentenced Appellant to death for each of the murder convictions, which this Court affirmed. *Wharton II*, 665 A.2d at 463. Appellant filed three previous PCRA petitions, the first of which was denied, while the second two were dismissed as untimely. *See Wharton III*, 81 A.2d at 982; *Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005) (*Wharton IV)*; *Commonwealth v. Wharton*, 961 A.2d 107 (per curiam) (*Wharton V)*. Appellant also filed a federal habeas petition that is currently pending in the District Court.

Appellant initiated the current litigation by filing a petition raising a claim pursuant to the United States Supreme Court's decision in *Williams v. Pennsylvania,* 136 S.Ct.

1899 (2016)[3], challenging the propriety of former Chief Justice Ronald Castille's participation in his prior appeals as a member of this Court due to the former Justice's involvement in the prosecution of Appellant's case when he was the District Attorney of Philadelphia County. At the time of filing, Appellant was represented by the Federal Community Defender Office. After the parties conducted discovery relating to Appellant's *Williams* claim, Appellant filed a petition requesting to proceed *pro se.* Following a *Grazier[4]* hearing, the PCRA court granted Appellant's request. Appellant then filed an amended PCRA petition (Amended Petition), which included additional information in support of his *Williams* claim along with non-*Williams* claims requesting a new direct appeal and a new trial. Amended Petition, 4/24/18, at 1, ¶¶ 4-5. In his Amended Petition, Appellant asserted that this Court had treated him unfairly and disparately to similarly situated litigants throughout the history of his case. *Id.* at 4-11. According to Appellant, due to this unfair and disparate treatment, he has been denied equal protection and the right to fully and fairly litigate his prior appeals. *Id.* at 12. Appellant also asserted that this Court's actions during his prior appeals demonstrated judicial bias against him, violating his Due Process rights. *Id.* at 13-14. As a result of these alleged violations, Appellant contended the PCRA's time constraints, which would time bar his petition, are

---

[3] In *Williams,* the Supreme Court addressed former Chief Justice Ronald Castille's participation in a capital case while sitting on this Court which he previously had involvement in during his time as the District Attorney of Philadelphia County. The High Court determined "[w]here a judge has had an earlier significant, personal involvement as a prosecutor in a critical decision in the defendant's case, the risk of actual bias in the judicial proceedings rises to an unconstitutional level" violating the Due Process Clause of the United States Constitution entitling a defendant to have the case heard before an unbiased tribunal. *Williams,* 136 S.Ct. at 1910. We do not address the substance of Appellant's *Williams* claim as he has affirmatively abandoned it on appeal. *See* Appellant's Brief at xvi ("Because Appellant is not pressing that petition on this appeal, it is referenced only to the extent necessary to give this Court some context as to later events."). We only reference the claim as it relates to the issues before us.

[4] *Commonwealth v. Grazier,* 713 A.2d 81 (Pa. 1998).

unconstitutional as applied to him and the PCRA court should address his substantive claims. *Id.* at 12.

In addition to the Amended Petition, Appellant also filed a Motion for Limited Appointment of Counsel and a Discovery Request. In support of his request for appointment of counsel, Appellant asserted that, due to the limited research resources available to him as an incarcerated *pro se* petitioner, he needed the assistance of counsel to assist in researching his claims. *See* Motion for Limited Appointment of Counsel, 2/6/19. The PCRA court denied Appellant's request for counsel. Order, 2/14/19. In his Discovery Request, Appellant requested the names and employment information of any individual who worked on his case for the Philadelphia District Attorney's Office, along with any documents relating to former District Attorney Castille's capital appeals policy. Discovery Request, 2/6/19, at ¶¶ 7, 9-12. Appellant explained the purpose of this request was to "substantiate the claims in the initial counseled PCRA petition[.]" *Id.* at ¶ 1. The PCRA court did not issue an order addressing this request.

The Commonwealth filed a Motion to Dismiss on June 3, 2019. The PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907[5], indicating the non-*Williams* claims in Appellant's Amended Petition were time barred. Notice of Intent to Dismiss, 7/9/19. After an extension, Appellant filed a response to the Rule 907 notice and the PCRA court dismissed Appellant's petition on October 23, 2019. Appellant filed a timely notice of appeal, and the PCRA court directed him to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the

---

[5] Rule 907 sets out the procedures for the disposition of PCRA petitions without a hearing in non-capital cases. *See* Pa.R.Crim.P. 907. The procedure for such disposition for capital cases is set out in Rule 909. *See* Pa.R.Crim.P. 909. Because Appellant was sentenced to death, the PCRA court should have followed the procedure set out in Rule 909. However, the rules are substantively similar, and the differences would not have changed the result here.

Order and filed a concise statement of matters complained of on appeal, raising numerous claims of error related to both his *Williams* and non-*Williams* claims.

In its Rule 1925(a) opinion, the PCRA court noted that petitions filed pursuant to the PCRA, including second and subsequent ones, must be filed within one year of a petitioner's judgment of sentence becoming final, unless one of three timeliness exceptions applies. Trial Court Opinion, 1/15/2020, at 11 (citing 42 Pa.C.S. § 9545(b)). The PCRA court determined that Appellant's conviction became final on June 10, 1996, when the United States Supreme Court denied his petition for certiorari. *Id.* at 12. Appellant did not file his current petition until August 8, 2016, therefore the PCRA court found the petition was facially untimely. *Id.* The PCRA court determined that Appellant's non-*Williams* claims did not satisfy any of the timeliness exceptions and thus the petition was untimely and the PCRA court was without jurisdiction to address the merits of the petition. *Id.*

As to its decision to deny Appellant's request for the limited appointment of counsel, the PCRA court determined that a petitioner is entitled to court appointed counsel for a first petition but is only entitled to the appointment of counsel on second or subsequent petitions if the judge determines an evidentiary hearing is required. *Id.* at 20. (citing Pa.R.Crim.P. 904). The PCRA court also observed that Appellant was initially represented by the Federal Community Defender Office but later requested to proceed *pro se*, a request the PCRA court granted after holding a *Grazier* hearing and determining Appellant's decision to proceed *pro se* was knowing, intelligent, and voluntary. *Id.* at 21. The PCRA court noted it determined that an evidentiary hearing was unnecessary. *Id.* As such, the PCRA court asserted it did not abuse its discretion in denying Appellant's request for the limited appointment of counsel.

The PCRA court next addressed Appellant's contention that it abused its discretion by failing to grant his request for specific discovery. It observed that, except on a petitioner's first counseled petition in a capital case, no discovery shall be permitted except upon leave of court after a showing of exceptional circumstances. *Id.* (citing Pa.R.Crim.P. 902(E)(1) & (2)). The PCRA court noted it granted Appellant's prior, counseled discovery request and, according to the PCRA court, the parties engaged in a meticulous discovery process where the Commonwealth turned over all relevant documents which were in the possession of the Philadelphia District Attorney's Office. *Id.* In light of that discovery process, the PCRA court concluded Appellant failed to show exceptional circumstances necessitating the specific discovery requested in Appellant's second, *pro se* request. *Id.*

## II. Issues

On appeal, Appellant raises the following issues:

> 1. Did the PCRA court err and/or abuse its discretion in not granting Appellant's limited appointment of counsel request as Appellant could not, through the limited legal research sources provided by the [Department of Corrections], argue all the requirements necessary to mount a thorough constitutional challenge argument?
>
> 2. Did the PCRA court err/and or abuse its discretion in dismissing the second PCRA petition on timeliness grounds as Appellant asserted facts and arguments that rendered the timeliness factor consideration secondary to an initial examination of said facts and arguments, which underpinned an unconstitutional as-applied challenge?
>
> 3. Did the PCRA court err and/or abuse its discretion in dismissing the second PCRA petition without granting Appellant specifically requested discovery which would have further substantiated Appellant's claims of miscarriage of justice that started pre-trial and continued throughout Appellant's PCRA appeals?

Appellant's Brief at iii.

### III. Discussion

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Washington*, 927 A.2d 586, 593 (Pa. 2007) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. *Commonwealth v. Rooney*, 79 A.3d 595, 603 (Pa. 2013), *cert. denied*, *Rooney v. Pennsylvania*, 135 S.Ct. 56 (2014).

### A. Denial of Request for Appointment of Counsel

In his first issue, Appellant asserts the PCRA court abused its discretion by denying his request for the limited appointment of counsel. He asserts the PCRA court erred in finding that it could appoint counsel only if an evidentiary hearing was necessary. Appellant's Brief at 34. He argues that a PCRA court can also appoint counsel in a second or subsequent PCRA petition when the interests of justice require. *Id.* at 35 (citing Pa.R.Crim.P. 904 Comment). Appellant asserts that due to the circumstances of his case, the interests of justice necessitated the PCRA court grant his request for counsel. In support of this position, Appellant avers that in order to prove his unconstitutional as-applied challenge, he needed to address the four factors this Court set out in *Commonwealth v. Edmunds*, 586 A.2d 887 (Pa. 1991). Appellant's Brief at 35-36. According to Appellant, due to the limited research resources available to him as an incarcerated *pro se* petitioner, he was unable to fully research the *Edmunds* factors, particularly related case law from other states. *Id.* at 36-37. Given the strong presumption of constitutionality duly enacted statutes receive and the irrevocable nature of the death penalty, Appellant contends the PCRA court's failure to even acknowledge its discretionary authority to appoint counsel in the interest of justice was manifestly unreasonable. *Id.* at 37-38.

The Commonwealth argues that a PCRA petitioner is only entitled to appointment of counsel in a second or subsequent petition if the court determines an evidentiary hearing is required, which the PCRA court here did not. Appellee's Brief at 12 (citing Pa.R.Crim.P. 904(B) [sic]). The Commonwealth also notes that Appellant was represented by counsel in this petition before requesting to proceed *pro se. Id.* Further, according to the Commonwealth, the claims Appellant raised in his Amended Petition were meritless. *Id.* at 13. In light of these circumstances, the Commonwealth contends the PCRA court did not abuse its discretion in denying Appellant's request for the limited appointment of counsel.

Petitioners generally do not have a constitutional right to the appointment of counsel in PCRA proceedings. *Commonwealth v. Williams*, 828 A.2d 981, 990 (Pa. 2003). There is, however, a limited rule-based right to counsel set out in Pa.R.Crim.P 904, which states, in pertinent part:

> (C) Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.
>
> (D) On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant.
>
> (E) The judge shall appoint counsel to represent a defendant whenever the interests of justice require it.
>
> \* \* \*
>
> (H) Appointment of Counsel in Death Penalty Cases

(1) At the conclusion of direct review in a death penalty case, which includes discretionary review in the Supreme Court of the United States, or at the expiration of time for seeking the review, upon remand of the record, the trial judge shall appoint new counsel for the purpose of post-conviction collateral review, unless:

(a) the defendant has elected to proceed *pro se* or waive post-conviction collateral proceedings, the judge finds, after a colloquy on the record, that the defendant is competent and the defendant's election is knowing, intelligent, and voluntary;

(b) the defendant requests continued representation by original trial counsel or direct appeal counsel, and the judge finds after a colloquy on the record that the petitioner's election constitutes a knowing, intelligent, and voluntary waiver of a claim that counsel was ineffective; or

(c) the judge finds, after a colloquy on the record, that the defendant has engaged counsel who has entered, or will promptly enter, an appearance for the collateral review proceedings.

Pa.R.Crim.P 904.

As the current petition is his fourth, Appellant would have only been entitled to the appointment of counsel if the PCRA court determined an evidentiary hearing was required. *See* Pa.R.Crim.P. 904(D). The PCRA court did hold evidentiary hearings on Appellant's *Williams* based claims, at which time he was represented by counsel. Subsequently, Appellant requested to proceed *pro se*, a request the PCRA court granted after a *Grazier* hearing, determining the waiver was knowing, intelligent, and voluntary. Appellant then filed his Amended Petition, raising new claims. The PCRA court determined that the claims in Appellant's Amended Petition did not necessitate an evidentiary hearing. Appellant was, therefore, not entitled to the appointment of counsel regarding his Amended Petition. *See id.*

Appellant asserts that even though he was not entitled to the appointment of counsel, the PCRA court should have exercised its discretion to do so anyway in the

interests of justice and it erred by not even recognizing its ability to do so. Appellant's Brief at 37-38. While Appellant is correct that the PCRA court did not explicitly address Rule 904(E), it did fully explain its basis for denying Appellant's request. It cited its determination that Appellant's Amended Petition did not require an evidentiary hearing and that Appellant was previously represented by counsel, but made the knowing, intelligent, and voluntary decision to proceed *pro se.* Trial Court Opinion, 1/15/2020, at 21.

In addition, Appellant's asserted reason for his limited counsel request was for assistance researching the *Edmunds* factors in order to prove his unconstitutional as-applied challenge. However, an *Edmunds* analysis is only necessary "when interpreting a provision of the Pennsylvania Constitution that is invoked in support of a departure from federal law, to take into account the text of the corresponding provision of the U.S. Constitution as well as decisions interpreting that provision." *Jubelirer v. Rendell*, 953 A.2d 514, 523 (Pa. 2008). In his unconstitutional as-applied challenge to the PCRA's time restrictions, Appellant did not argue that any provision of the Pennsylvania Constitution required the PCRA court to depart from federal law, making an *Edmunds* analysis, Appellant's asserted reason for requesting the limited appointment of counsel, unnecessary.

Under the circumstances, we find the PCRA court's failure to find the interest of justice required the limited appointment of counsel is supported by the record and not manifestly unreasonable.

### B. Timeliness of Amended Petition

Appellant next argues that the PCRA's timeliness restrictions are unconstitutional as applied to him and that the PCRA court abused its discretion in failing to address this claim. He acknowledges this Court has held the PCRA's timeliness requirements are

generally constitutional, but asserts that "does not mean that it is constitutional as-applied to all petitioners." Appellant's Brief at 22 (quoting *Commonwealth v. Bennet*, 593 Pa. 383, 398 (Pa, 2007) (emphasis removed)). Appellant posits that the PCRA court should have first addressed his as-applied challenge before finding his petition untimely because, if that challenge was successful the PCRA's time restrictions would not bar consideration of his substantive claims. *Id.* at 24. According to Appellant, since the PCRA court did not address this as-applied challenge, the case is not ready for our review and we should remand it for the PCRA court to consider the issue. The Commonwealth argues Appellant's Amended Petition baldly argued the PCRA's timeliness requirements were unconstitutional as applied to Appellant without any supporting argument and the PCRA court did not abuse its discretion in not engaging in a lengthy analysis of an underdeveloped and baseless claim. Appellee's Brief at 10. We note Appellant is correct in observing that the PCRA court did not directly address his unconstitutional as-applied challenge prior to determining his current petition is untimely. Remand, however, is unnecessary as we can adequately address the issue based on the record before us.

As to the validity of his as-applied challenge, Appellant argues such a challenge requires a showing "that the restriction was unreasonable under [a particular] circumstance, and therefore violated constitutional norms." Appellant's Brief at 1-2 (quoting *United States v. Marcavage*, 809 F.3d 264, 273 (3d Cir. 2010) (brackets provided by Appellant)). According to Appellant, in his previous appeals this Court treated him unfairly and disparately to similarly situated litigants, which resulted in the denial of his "due process and equal protection rights guaranteed by the Pennsylvania and United States constitutions" in both his direct and previous PCRA appeals. *Id.* at 20. To support this contention, Appellant challenges several of this Court's decisions. As to his direct appeal, Appellant challenges our treatment of his *pro se* filings, our failure to grant him a

new trial, which Appellant asserts was due to our incomplete harmless error analysis, and the length of time it took us to decide the appeal, which he argues resulted in his case being remanded for a resentencing proceeding instead of the imposition of a life sentence. *Id.* at 3-14. Appellant also challenges our decisions in his prior PCRA appeals, including permitting the Commonwealth to file its brief as an after argument submission pursuant to Pa.R.A.P. 2501 and our refusal to apply the relaxed waiver rule. *Id.* at 14-16. The Commonwealth counters that Appellant's assertions of unfair and disparate treatment are merely disagreements with this Court's prior rulings and he has thus failed to prove the PCRA's timeliness requirements are unconstitutional as applied to him. Appellee's Brief at 10.

Initially, we find Appellant's allegations of unfair and disparate treatment are merely veiled attempts to relitigate his prior appeals. Nevertheless, that does not necessarily mean his claims are time barred. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final, unless at least one of three timeliness exceptions applies. 42 Pa.C.S. §9545(b)(1). A judgement of sentence becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

Appellant does not argue his current petition is facially timely nor does he attempt to invoke any of the PCRA's timeliness exceptions. Rather, he asserts the PCRA's timeliness restrictions are unconstitutional as applied to him. We have repeatedly found the PCRA's time restrictions constitutional. *See Commonwealth v. Cruz*, 852 A.2d 287,

292 (Pa. 2004) ("this Court has held that the PCRA's time restriction is constitutionally valid."); *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) ("We have…recognized that the PCRA's time restriction is constitutionally valid"). We have held, however, that just because the PCRA is generally constitutional does not mean it is constitutional as applied to a particular petitioner. *See Bennett*, 930 A.2d at 1274. There is no federal constitutional guarantee of post-conviction collateral relief and the procedural due process protections in such proceedings are less stringent than either a criminal trial or direct appeal. *Id.* (citing *Pennsylvania v. Finley*, 107 S.Ct. 1990 (1987)). Due process requires that the PCRA process is fundamentally fair. *Id.* (citing *Finley*, 107 S.Ct. at 1994). "Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Id.*

Appellant argues the PCRA statute is unconstitutional as applied to him "because it does not allow [him] an avenue to correct the unconstitutional review of [his] timely appeals as of right." Appellant's Brief at 2. He bases this argument on an assertion that certain actions by this Court in his previous appeals violated his due process rights under both the United States and Pennsylvania Constitutions. *Id.* at 17. Recently, in *Commonwealth v. Koehler*, 229 A.3d 915 (Pa. 2020) this Court stated "[i]f an error of constitutional magnitude occurs during the appellate process, the PCRA is the sole means of collaterally attacking the final judgment on that basis." *Koehler*, 229 A.3d at 929 (quoting *Commonwealth v. Taylor*, 218 A.3d 1275, 1280 (Pa. 2019) (Opinion In Support of Reversal)). There, a majority of this Court determined that a due process challenge to the impartiality of an appellant jurist is cognizable under Section 9543(a)(2)(i) of the PCRA statute. *Id.* at 931. Appellant's claims that this Court violated his due process rights by the way we handled his previous appeals raising errors of constitutional

magnitude and, pursuant to *Koehler*, these claims are cognizable under the PCRA. The PCRA thus provides Appellant a vehicle to raise his claims.

Such claims, however, must be brought within the PCRA's timeliness requirements *See id.* at 339, 340 n.12. Appellant's judgment of sentence became final on June 10, 1996 and, therefore, his current petition is clearly facially untimely. Appellant does not attempt to invoke any of the PCRA's timeliness exceptions. Further, Appellant does not explain when he first became aware of the allegations he makes in his current petition or why he did not raise them prior to filing his Amended Petition. Appellant fails to explain why he could not have raised these claims within the time requirements of the PCRA. Appellant was given an "opportunity for the presentation of [his] claims at a meaningful time and in a meaningful manner" but he failed to bring them. *Bennett*, 930 A.2d at 1274. Without any explanation why Appellant did not or could not have brought his claims within the PCRA's time requirements, Appellant has failed to show those timeliness requirements are fundamentally unfair as applied to him. Therefore, the PCRA's timeliness requirements are not unconstitutional as applied to Appellant and the PCRA court correctly determined the current petition was untimely.

Alternatively, Appellant suggests the PCRA court could have fashioned an ad hoc remedy permitting consideration of the merits of his Amended Petition despite its untimeliness. Appellant's Brief at 25. Appellant recognizes this Court has previously said the PCRA statute does not confer any authority on courts to grant such ad hoc equitable remedies. *Id.* (citing *Commonwealth v. Cruz*, *supra*, 852 A.2d at 293). He argues, however, that in *Cruz* we noted the petitioner did not request an ad hoc remedy. *Id.* (citing *Cruz*, 852 A.2d at 293). Appellant asserts this observation implicitly left the door open for fashioning such a remedy if one was requested. The Commonwealth, relying on *Cruz,*

argues the PCRA court did not have authority to fashion an ad hoc equitable remedy. Appellee's Brief at 10.

The PCRA court correctly declined to fashion an ad hoc remedy to the PCRA's timeliness requirements. Courts do not have the authority to fashion ad hoc equitable remedies to the time bar in addition to those provided by the PCRA statute. *Commonwealth v. Robinson*, *supra*, 837 A.2d at 1161. Appellant's assertion that our observation in *Cruz* that the petitioner did not request an ad hoc remedy somehow left the door open to fashion one if a petitioner requests is unpersuasive. *Cruz*, 852 A.2d at 292. We have declared that courts do not have such authority in numerous other instances without any caveats. *See Commonwealth v. Fahy*, 737 A.2d 214, 222-23 (Pa. 1999); *Commonwealth v. Eller*, 807 A.2d 838, 845 (Pa. 2002); *Robinson*, 837 A.2d at 1161; *Bennett*, 930 A.2d at 1267. The PCRA court correctly declined to fashion an ad hoc remedy for Appellant's current time barred petition.

### C. Denial of Appellant's *Pro Se* Discovery Request

Finally, Appellant asserts the PCRA court abused its discretion by denying his *pro se* discovery request. He first disputes the PCRA court's finding that it conducted a meticulous discovery process where the Commonwealth turned over all documents within the possession of the Philadelphia District Attorney's Office in response to Appellant's first, counseled discovery request. He argues that the Commonwealth failed to turn over all relevant documents in its possession. Appellant's Brief at 29-30. Appellant further contends that the discovery the Commonwealth turned over in response to his counseled discovery request is irrelevant to his second, *pro se* request. *Id.* at 28. In addition, Appellant argues he satisfied the exceptional circumstances requirement based on the seriousness of his unconstitutional as-applied challenge. *Id.* at 29. The Commonwealth asserts that Appellant's *pro se* discovery request was framed in support of his original

*Williams* claim, which Appellant affirmatively abandoned on appeal. Appellee's Brief at 12. The Commonwealth further argues that, no matter how Appellant framed his *pro se* request, it was devoid of any showing of exceptional circumstances. *Id.*

Discovery requests in PCRA proceedings are governed by Rule 902(E):

> (E) Discovery requests
>
> (1) Except as provided in paragraph (E)(2), no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances.
>
> (2) On the first counseled petition in a death penalty case, no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of good cause.

Pa.R.Crim.P. 902(E). The current petition is Appellant's fourth, therefore subsection (E)(1) governs. *See Commonwealth v. Lambert*, 884 A.2d 848, 858 (Pa. 2005) (explaining capital defendant needed to show exceptional circumstances in order to be granted discovery in second PCRA petition). As the Superior Court has observed, the phrase "exceptional circumstances" is not defined by either the PCRA statute or the criminal rules of procedure, and it is up to the PCRA court, in its discretion, to determine if exceptional circumstances exist and discovery is warranted. *Commonwealth v. Frey*, 41 A.3d 605, 611 (Pa. Super. 2012). We review a PCRA court's denial of a discovery request for an abuse of discretion. *Rooney*, 79 A.3d at 603.

In the case *sub judice*, the PCRA court granted Appellant's first, counseled discovery request, and the parties engaged in what the PCRA court characterized as a "meticulous" discovery process. Trial Court Opinion, 1/15/20 at 21. Then, after the PCRA court granted Appellant's request to proceed *pro se*, Appellant made another request for discovery to "substantiate the claims in the initial counseled PCRA petition[.]" Discovery

Request, 2/6/19, at ¶ 1.[6] In this request, Appellant requested the names and employment information of the assistant district attorney's that worked on any of his appeals along with information regarding former District Attorney Castille's capital appeals policy. *Id.* at ¶¶ 7, 9-11. In support of this request, Appellant argued *Williams* requires recusal of a judge who previously had personal involvement in the case. *Id.* at ¶ 5. Appellant did not explain how the specific information he requested in his *pro se* discovery request related to former Chief Justice Castille's personal involvement in his case.

The determination of whether exceptional circumstances existed warranting discovery was in the discretion of the PCRA court, which granted Appellant's first discovery request. In his second, *pro se* request, Appellant did not demonstrate a connection between the material requested and his underlying claim. Under those circumstances, the PCRA court did not abuse its discretion in determining Appellant failed to prove in his second, *pro se* request that exceptional circumstances warranted discovery. In addition, as discussed *supra*, the PCRA court correctly found Appellant's petition untimely, and a PCRA court does not abuse its discretion in failing to find exceptional circumstances warranting discovery in furtherance of an untimely petition. *See Commonwealth v. Edmiston*, 65 A.3d 339*,* 353 (Pa. 2013).

---

[6] In his brief and reply brief to this Court, Appellant argues the purpose of his *pro se* discovery request was to further the non-*Williams*, unconstitutional as-applied challenge to the PCRA's timeliness requirements. Appellant's Brief at 27-28; Appellant's Reply Brief at 4. However, in his *pro se* discovery request to the PCRA court, Appellant solely asserted that the requested discovery related to his initial, counseled petition, which only raised a *Williams* claim. *See* Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et. seq., 8/8/16. Appellant's Reply Brief was rejected by the Prothonotary because it was filed late. Appellant filed a motion requesting the Court accept the brief as timely, asserting the delay was due to the Department of Corrections' procedures regarding inmate mail, which caused him to receive the Commonwealth's brief late. We grant Appellant's request, accept his reply brief, and have considered the arguments made therein.

## IV. Conclusion

Based upon the foregoing, we affirm the order of the PCRA court dismissing Appellant's PCRA petition.

Justices Donohue, Dougherty and Wecht join the opinion.

Chief Justice Baer and Justices Saylor and Todd did not participate in the consideration or decision of this matter.