J-S29017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EARL THOMAS | |
| Appellant | No. 1229 WDA 2014 |

Appeal from the PCRA Order July 15, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013321-1995

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 24, 2015**

Appellant, Earl Thomas, appeals, *pro se*, from the July 15, 2014 order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful consideration, we affirm.

We summarize the pertinent procedural history of this case as follows. On April 1, 1996, a jury found Appellant guilty of burglary, attempted rape, unlawful restraint, and simple assault.[1]  The trial court sentenced Appellant to an aggregate term of incarceration of 15 to 30 years.  Appellant filed a timely post-sentence motion, which the trial court denied.  Appellant timely

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a), 901, 2902(a)(1), and 2701(a), respectively.

appealed and challenged the effectiveness of trial counsel based on a conflict between counsel and Appellant, challenged the trial court's refusal to appoint different counsel, and challenged the discretionary aspects of his sentence. We affirmed the judgment of sentence on April 15, 1998, and our Supreme Court denied Appellant's petition for allowance of appeal on October 5, 1998. *Commonwealth v. Thomas*, 718 A.2d 349 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 729 A.2d 428 (Pa. 1998).

Appellant timely filed a *pro se* PCRA petition on February 16, 1999. Counsel was appointed by the PCRA court, and he filed an amended petition on September 12, 2000. Therein Appellant alleged ineffective assistance of trial counsel for failure to object to the trial court's summary to the jury of certain expert testimony received during the trial. The PCRA court denied the petition without a hearing on December 14, 2000. Upon timely appeal, this Court affirmed on January 28, 2002. *Commonwealth v. Thomas*, 797 A.2d 337 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 812 A.2d 229 (Pa. 2002).[2]

_____

[2] Appellant also filed two petitions for relief under 61 P.S. § 81 (providing for transfer or modification of sentence based on proof of unmet special medical needs), which were the subject of three appeals to this Court. **See** **Commonwealth v. Thomas**, 790 A.2d 344 (Pa. Super. 2001) (unpublished memorandum); **Commonwealth v. Thomas**, 876 A.2d 471 (Pa. Super. 2005) (unpublished memorandum); and **Commonwealth v. Thomas**, 965 A.2d 304 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 973 A.2d 1006 (Pa. 2009). Additionally Appellant filed a petition for relief under 42 Pa.C.S.A § 9543.1 on January 28, 2011, seeking DNA testing of certain evidence. The PCRA court denied relief and this Court affirmed on
*(Footnote Continued Next Page)*

Appellant filed the instant *pro se* PCRA petition on November 15, 2013. On March 4, 2014, pursuant to Pennsylvania Rule of Criminal Procedure 907, the PCRA court issued a notice of its intent to dismiss Appellant's PCRA petition without a hearing because of untimeliness. Appellant filed a response to the PCRA court's notice on April 7, 2014. The PCRA court dismissed Appellant's PCRA petition on July 16, 2014. Appellant filed a timely notice of appeal on July 30, 2014.[3]

On appeal, Appellant raises the following issues for our review.

> 1. Was there a Sixth Amendment Violation[?]
>
> 2. Was there Government Interference on the Trial Judge who was also under an investigation from 1989 to 2006[?]
>
> 3. Was there an Error by the Trial Court by allowing the Public Defender to continue his representation for the Appellant[?]

Appellant's Brief at 3.

When presented with a challenge to a PCRA court's denial of relief on a PCRA petition, we observe the following principles. "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record

_____

*(Footnote Continued)* ———————————————

the basis the materials had already been subjected to DNA testing. **Commonwealth v. Thomas**, 87 A.3d 391 (Pa. Super. 2013) (unpublished memorandum).

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.*** In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Instantly, the PCRA court dismissed Appellant's petition as untimely. "[I]t is well-settled that … a question of timeliness implicates the jurisdiction of our Court." ***Commonwealth v. Gandy***, 38 A.3d 899, 902 (Pa. Super. 2012) (internal quotation marks and citation omitted), *appeal denied*, 49 A.3d 442 (Pa. 2012). "Because these timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." ***Commonwealth v. Lopez***, 51

A.3d 195, 196 (Pa. 2012) (internal quotation marks and citation omitted). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." ***Id.*** "It is well settled that [a]ny and all PCRA petitions must be filed [in a timely manner] unless one of three statutory exceptions applies." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061-1062 (Pa. Super. 2011) (internal quotation marks, citation, *appeal denied*, 38 A.3d 823 (Pa. 2012). "We have repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies. Whether Appellant has carried his burden is a threshold inquiry prior to considering the merits of any claim." ***Edmiston***, ***supra*** at 346 (citation omitted).

The Act provides for the following possible exceptions to the timeliness requirement.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be [timely] filed … unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of

- 5 -

the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

In this case, Appellant's judgment of sentence became final on January 4, 1999, 90 days after our Supreme Court denied Appellant's petition for allowance of appeal on October 5, 1998, being the time allowed to file a writ of *certiorari* with the United States Supreme Court.[4]  **See** U.S. S. Ct. R. 13(1).  Thus, Appellant's first and any subsequent PCRA petition was required to be filed on or before January 4, 2000.  Appellant's petition under

_____

[4] We note that the 90th day was Sunday, January 3, 1999.  Because the last day to file fell on a weekend, Appellant had until Monday, January 4, 1999, to timely file a petition for a writ of *certiorari*.  **See generally** 1 Pa.C.S.A. § 1908.

review was filed, as stated, on November 15, 2013, and is, therefore, demonstrably untimely.

Instantly, Appellant purports to invoke the first of the enumerated timeliness exceptions, governmental interference. Appellant's Brief at 14.

> [Appellant] has met the enumerated exception that would allow [Appellant] to file his PCRA petition late under the First [exception] and not the Second or Third, … as it was "a delay" caused by the [trial j]udge who is … a "<u>Goverment [sic] Official</u>." [Appellant] is not time barred from raising this claim in his PCRA. [Appellant] has met the exception rule under 42 Pa.C.S.A. § 9545 (b)(1)(i).

*Id.* at 14, ¶ 25.

Appellant contends the governmental interference consisted of the trial judge's alleged refusal to permit Appellant to hire a private attorney for trial. *Id.* at 15. Specifically, Appellant asserts the following.

> [Appellant's] PCRA petition is filed in a timely manner because of the interference by the [trial judge], when he refused to let [Appellant,] after [Appellant] stated on record that [Appellant] had money to hire a private attorney, and the [trial j]udge denied [Appellant's request which was clearly a 6th Amendment Right Violation; and also a violation of the Canon which the Code of Judicial Conduct require Judges to be patient, dignified and courteous. And requesting to have a new lawyer is a Constitutional Right….

*Id.* at 15, ¶ 30.

This claim, even if it could properly be construed as governmental interference, fails to establish the claimed exception. As Appellant notes, this issue was known and raised at trial and on direct appeal. *Id.* at 14, ¶

25. "[Appellant] [] raised this claim back on 5/30/1996 when his prior Attorney … raised it, but it was denied by [the Superior Court on direct appeal]." *Id.* Thus, the PCRA court notes as follows. "The question of whether or not [Appellant] had been forbidden to have his trial counsel withdraw and either have court-appointed counsel or private counsel represent him has previously been litigated and the Superior Court rejected that contention in its Memorandum Opinion filed on April 15, 1998." Trial Court Opinion, 1/9/15, at 2. Consequently, the governmental interference alleged by Appellant did not prevent him from raising his issues in a timely fashion. Further, Appellant's current PCRA petition was filed well outside the 60-day deadline for filing after discovering the alleged interference. *See* 42 Pa.C.S.A. § 9545(b)(2); *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (noting, "the PCRA mandates that any petition invoking an exception to the time bar requirement be filed within 60 days of the date the claim could have been presented").

Based on his underlying right to counsel argument, Appellant also baldly asserts, "that [a petitioner] can never be time barred when its [sic] a Constitutional Rights Violation." Appellant's Brief at 15, ¶ 29. Our Supreme Court has held that such an argument "is nothing more than a convoluted way of attempting to carve out an exception to the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1126-1127 (Pa. 2005).

For these reasons, we conclude Appellant's November 15, 2013 PCRA petition is untimely, and both the PCRA court and this Court are without jurisdiction to consider its merits. We therefore affirm the PCRA court's July 15, 2014 order dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015