J-S35039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERNEST BENJAMIN, | : | |
| | : | |
| Appellant | : | No. 2615 EDA 2015 |

Appeal from the PCRA Order entered on July 29, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0332721-1993

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E. and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                      **FILED JUNE 08, 2016**

Ernest Benjamin ("Benjamin") appeals, *pro se*, from the Order denying his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On March 31, 1994, following a non-jury trial, Benjamin was found guilty of murder in the second degree, robbery, criminal conspiracy, possession of an instrument of crime, and a violation of the Uniform Firearms Act. The trial court sentenced Benjamin to life in prison. This Court affirmed the judgment of sentence in July 1995. ***See Commonwealth v. Benjamin***, 668 A.2d 1186 (Pa. Super. 1995) (unpublished memorandum).

On June 15, 2006, Benjamin filed a *pro se* Petition for Writ of *Habeas Corpus*. The PCRA court treated the Petition as a PCRA Petition, and subsequently dismissed the Petition without a hearing. This Court affirmed

the dismissal. ***See Commonwealth v. Benjamin***, 6 A.3d 557 (Pa. Super. 2010), *appeal denied*, 17 A.3d 1250 (Pa. 2011).

On May 15, 2012, Benjamin filed the instant *pro se* Petition. On August 15, 2012, Benjamin filed an Amended PCRA Petition. The PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss without an Evidentiary Hearing. Benjamin filed a Response to the Rule 907 Notice. The PCRA court denied the Petition, after which Benjamin filed a timely Notice of Appeal.

> We review an order d[enying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id***. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues

- 2 -

raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Benjamin's judgment of sentence became final in August 1995. Thus, Benjamin had until August 1996 to file a PCRA petition. Because Benjamin did not file his second PCRA Petition until 2012, his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

In his brief, Benjamin raises various ineffective assistance of counsel claims. However, Benjamin did not explicitly raise these claims in his Amended PCRA Petition. *See Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (stating that "a claim not raised in a PCRA petition cannot be raised for the first time on appeal."). Nevertheless, even if the claims had been properly preserved, "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). Additionally, Benjamin claims that the trial judge committed various legal violations and should have recused herself based upon her conduct at trial. Again, Benjamin did not raise these claims in his Amended PCRA Petition.

*See Santiago*, 855 A.2d at 691. Further, these claims are not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2).

We note that in his Amended PCRA Petition, Benjamin cites the Supreme Court's recent decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and invokes the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). In *Miller*, the United States Supreme Court held that sentencing schemes that mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments." *Miller*, 132 S. Ct. at 2460; *see also id*. at 2469 (reasoning that in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment).[1]

Here, the Supreme Court in *Miller* set forth a bright-line rule holding mandatory sentences of life without parole unconstitutional for defendants under the age of eighteen. Benjamin admits that he was over eighteen years old at the time he committed the murder; thus, *Miller* does not apply.

Order affirmed.

---

[1] In *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the United States Supreme Court held that its decision in *Miller* applies retroactively. *Montgomery*, 136 S. Ct. at 736.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/8/2016</u>