J-S59004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ELIJAH ALEKNAIM ISHMAIL, | |
| Appellant | No. 339 EDA 2016 |

Appeal from the PCRA Order January 6, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004415-2007

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 18, 2016**

Appellant, Elijah Aleknaim Ishmail, appeals *pro se* from the post-conviction court's January 6, 2016 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the pertinent procedural history of Appellant's case, as follows:

> On January 25, 2008[,] [Appellant] appeared before the Honorable Barry C. Dozer and entered a negotiated guilty plea to [possession with intent to deliver (PWID)] … and [r]esisting [a]rrest…. Immediately thereafter, the [c]ourt imposed a sentence, consistent with the terms of the negotiated plea, to a state term of 18 to 36 months['] confinement [for] PWID, followed by 2 years of consecutive state probation [for] [r]esisting [a]rrest.  No post[-]sentence motions were filed,

_____

[*] Former Justice specially assigned to the Superior Court.

including any motion requesting withdrawal of [Appellant's] guilty plea. No appeal was filed to the Pennsylvania Superior Court. Thus, [Appellant's] judgment of sentence became final on February 24, 2008.

[Appellant] subsequently violated the terms of his probation when PA Parole authorities conducted a search of his home and found two firearms. [Appellant] was arrested, ultimately convicted and sentenced to a 5-10 year state term of confinement, plus 4 years of consecutive state probation. As a result of [Appellant's] new conviction, a [revocation of probation] [h]earing was held. Following the hearing, the [c]ourt sentenced [Appellant] to a 1-2 year state term to run consecutive to the sentence imposed on the firearms case. A timely direct appeal to the Superior Court followed at 1108 EDA 2013. On December 4, 2013, the Superior Court affirmed [Appellant's] judgment of sentence. [**Commonwealth v. Ishmail**, 93 A.3d 500 (Pa. Super. 2013) (unpublished memorandum). Appellant did not petition for allowance of appeal with our Supreme Court.]

On August 6, 2015[, Appellant] filed a *pro se* PCRA [petition] and PCRA [c]ounsel was appointed to represent [him].... After an exhaustive review of the record, on December 7, 2015, PCRA counsel filed a [**Turner/Finley**[1]] "No Merit" letter. On December 10, 2015[,] this [c]ourt served [Appellant] with a Twenty Day Notice of Intent to Dismiss [his] PCRA Petition without a hearing. Thereafter, [Appellant's] PCRA [petition] was dismissed on January 6, 2016 and this timely appeal followed.

PCRA Court Opinion (PCO), 3/10/16, at 1-2 (footnotes omitted).

Appellant complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In his *pro se* brief to this Court, Appellant raises six issues for our review. **See** Appellant's Brief at 6 (unnumbered). Before we may address any of those

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

claims, however, we must examine the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 3 -

Here, Appellant's judgment of sentence became final on January 3, 2014. Thus, his petition filed on August 6, 2015 is patently untimely, and for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). Appellant does not present any coherent or meaningfully developed argument in this regard. Instead, from what we can discern, he primarily raises claims of ineffective assistance of counsel, with no discussion of how those assertions meet a timeliness exception. It is well-established that ineffective assistance of counsel claims, on their face, do not meet a timeliness exception. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005). Throughout his brief, Appellant also intersperses arguments challenging the legality of his sentence, the voluntariness of his guilty plea, and the legality of a search of his vehicle. Again, Appellant offers no explanation of how these claims satisfy a timeliness exception.[2]

_____

[2] We note that in his *pro se* PCRA petition, Appellant attempted to invoke the timeliness exception of section 9545(b)(1)(iii) based on the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt), and/or the Pennsylvania Supreme Court's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (holding the mandatory minimum sentencing statute of 18 Pa.C.S. § 6317 (Drug-free school zones) is unconstitutional in light of **Alleyne**). Appellant seemingly abandons this claim on appeal. Nevertheless, we note that the record does not indicate that any mandatory minimum sentence was imposed in Appellant's case, thus making the rule announced in **Alleyne** completely
*(Footnote Continued Next Page)*

- 4 -

In sum, Appellant has not met his burden of pleading and proving the applicability of a timeliness exception. Therefore, the PCRA court did not err in dismissing his untimely petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2016

---

*(Footnote Continued)*

inapplicable. Additionally, even if he were serving a mandatory term, Appellant cannot rely on **Alleyne** to satisfy the 'new retroactive right' exception to the PCRA timeliness requirements because the United States Supreme Court has not held that **Alleyne** applies retroactively, and our Supreme Court has expressly held that it does *not* apply to cases on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Moreover, Appellant cannot rely on **Hopkins** to meet the timeliness exception of section 9545(b)(1)(iii), as that decision did not announce a new rule, but merely applied the rule created in **Alleyne**.