J-S07014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

PEDRO CARRASQUILLO,

Appellant

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

No. 2121 EDA 2017

Appeal from the PCRA Order Entered June 1, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000452-2008

BEFORE:  BENDER, P.J.E. , PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 23, 2018**

Appellant, Pedro Carrasquillo, appeals *pro se* from the post-conviction court's June 1, 2017 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's conviction are not necessary to our disposition of his appeal.  The PCRA court summarized the pertinent procedural history of this case, as follows:

> On January 30, 2009, [Appellant] pled guilty to involuntary deviant [*sic*] sexual intercourse, robbery, burglary, and criminal conspiracy.  This court sentenced him to an aggregate term of 15 to 30 years['] incarceration.  [Appellant] did not pursue a direct appeal, instead filing a … []PCRA[] petition on July 31, 2009.  His petition was formally dismissed on July 9, 2010[,] and this court issued an opinion on December 15, 2010.  On May 20, 2011, the Superior Court dismissed his appeal for failure to file a brief.  Thereafter, [Appellant] has made several filings, most recently the instant PCRA petition on August 19, 2016.  This court issued a notice of [its] intent to dismiss the petition pursuant to

Pennsylvania Rule of Criminal Procedure 907 on May 1, 2017.  The petition was formally dismissed on June 1, 2017.  [Appellant] filed a notice of appeal to the Superior Court on June 1[9], 2017.

PCRA Court Opinion (PCO), 8/30/17, at 1.

It seems that Appellant attached to his notice of appeal a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, despite not being ordered to file that statement by the PCRA court.  On August 30, 2017, the PCRA court issued an opinion addressing the issues presented in Appellant's Rule 1925(b) statement.  Herein, Appellant presents three questions for our review, which we reproduce verbatim:

A. The Court of Common Pleas, Criminal Division lacked jurisdiction over the Appellant by sentencing him under the Sixth Edition.  The Six Edition were not in effect at the time of his offense.  The Fifth Edition was in full effect, Appellant's sentence is illegal, wrong guidelines and he is entitled to be resentenced "ex post facto clauses art?

B. The court err in violation of the United States Constitution, the Pennsylvania Constitution and their treaties made.  Under the due process and equal protection of the laws, state and federal constitutions.  The Appellant was sentenced to a multiple offenses pursuant to the mandatory minimum scheme deemed facially unconstitutional?

C. Was trial counsel ineffective for failing to guarantee Appellant his constitutional right to an appeal?

Appellant's Brief at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).  We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate

- 2 -

our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on June 19, 2011, at the expiration of the thirty day time period for seeking review with the

Pennsylvania Supreme Court after this Court dismissed his direct appeal due to his failure to file a brief. *See* 42 Pa.C.S. § 9545(b)(3) (stating a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (directing that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Accordingly, Appellant's present PCRA petition, filed in August of 2016, is patently untimely, and for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant does not argue the applicability of any of the above-stated exceptions. Instead, the thrust of his arguments challenge the legality of his sentence, and allege ineffective assistance of his trial counsel. Such claims do not, in and of themselves, meet a PCRA timeliness exception. *See* ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citations omitted); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within the PCRA, but must first satisfy the PCRA's time limits).[1]

---

[1] To the extent Appellant also raises cursory challenges to the discretionary aspects of his sentence, such issues are not cognizable under the PCRA. *See*

- 4 -

We also note that Appellant cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii) with his sentencing challenge premised on *Alleyne v. United States*, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). Our Supreme Court has held that *Alleyne* does not apply retroactively to collateral attacks on mandatory minimum sentences. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Accordingly, we ascertain no error in the PCRA court's conclusion that Appellant's petition is untimely and he fails to meet any exception under section 9545(b). Therefore, the court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/18

---

*Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007) ("Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA.") (citations omitted); *see also* 42 Pa.C.S. § 9543(a)(2).