J-S50039-18

**ON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRENCE ROSS, | : | |
| | : | |
| Appellant. | : | No. 375 WDA 2018 |

Appeal from the PCRA Order, January 31, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0015085-2013,
CP-02-CR-0015091-2013.

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:

Terrence Ross appeals *pro se* from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and partial procedural history have been summarized as follows:

> In 2013, police filed two criminal complaints against [Ross] charging him with various offenses related to multiple knifepoint robberies on Carson Street in Pittsburgh, Pennsylvania. On December 15, 2014, [Ross] pled guilty to a total of five counts of robbery, two counts of aggravated assault, two counts of simple assault, and one count each of criminal mischief and access device fraud. As part of the plea deal, the Commonwealth and [Ross] agreed to an aggregate term of 20 to 40 years of incarceration, which the trial court accepted and imposed. No direct appeal resulted.
>
> On March 31, 2015, [Ross] filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent [Ross]. The

> PCRA court granted several extensions of time for appointed counsel to file an amended PCRA petition, which counsel filed on February 12, 2016. The Commonwealth filed an answer to the PCRA petition after it was granted an extension to do so. On March 22, 2016, the PCRA court entered an order pursuant to Pa.R.Crim.P. 907, giving [Ross] notice of its intent to dismiss the amended PCRA petition without an evidentiary hearing. On May 18, 2016, the PCRA court dismissed [Ross'] PCRA petition.

**Commonwealth v. Ross**, 170 A.3d 1233 (Pa. Super. 2017), unpublished memorandum at 1-2 (footnote omitted).

Ross appealed to this Court, raising interrelated ineffectiveness claims regarding the entry of his guilty plea. Finding no merit to any of them, we affirmed his judgment of sentence. **Id**. at 7. On June 16, 2017, our Supreme Court denied Ross' petition for allowance of appeal. **Commonwealth v. Ross**, 174 A.3d 1030 (Pa. 2017).

On December 11, 2017, Ross filed another *pro se* PCRA petition, his second, in which he alleged the ineffectiveness of PCRA counsel. On January 9, 2018, the Commonwealth filed an answer to the petition, in which it asserted that the petition was untimely. That same day, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Ross' PCRA petition without a hearing. Ross filed a response. By order entered February 1, 2018, the PCRA court denied as untimely Ross' second PCRA petition. This appeal followed. Both Ross and the PCRA court have complied with Pa.R.A.P. 1925.

Before addressing the arguments Ross makes on appeal,[1] we must first determine whether the PCRA court correctly determined that his second PCRA petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that that he meets an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii).[2] A PCRA petition invoking one of these

_____

[1] Ross' *pro se* brief does not include a statement of questions involved. **See** Pa.R.A.P. 2116 (a) (providing "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). As discussed **infra**, because we agree that the PCRA court lacked jurisdiction to consider Ross' second PCRA petition, Ross' failure to comply with this procedural rule is immaterial.

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016).

Here, because Ross did not file an appeal to this Court after the trial court sentenced him on December 15, 2014, his judgment of sentence became final thirty days thereafter, or on January 14, 2015. Thus, for purposes of the PCRA's time bar, Ross had to file his PCRA petition by January 14, 2016. Ross filed his second petition on December 11, 2017. Thus, the petition is untimely, unless Ross satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Ross has failed to prove any exception to the PCRA's time bar. In an effort to establish Section 9545(b)(1)(ii), he argues that he did not find out

_____

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

certain "information that was unknown to him" until he actually reviewed the transcripts from his guilty plea and sentencing. Ross's Brief 10. Since he did not receive them until February 16, 2016, he claims he has established due diligence. *Id.* (citing *Commonwealth v. Burton*, 121 A.3d 1063 (Pa. Super. 2015)). Ross then summarily claims that his first PCRA counsel was ineffective for failing to raises issues based upon this newly discovered information.

This Court has explained Section 9545(b)(1)(ii)

> "has two components that must be alleged and proved. Namely, the PCRA petitioner must establish that: 1) the **facts** upon which the claim is predicated were **unknown** to him and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection."

*Commonwealth v. Brown*, 111 A.3d 171, 176-177 (Pa. Super. 2015) (quoting *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original).

Here, the PCRA court found that the Section 9545(b)(1)(ii) time-bar exception did not apply because, the "new facts" he alleged in his petition involved claims of first PCRA counsel's ineffectiveness, which are not recognized as facts under the PCRA statute. PCRA Court's Opinion, 4/23/18, at 4 (citing *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000)). We agree. *See* 42 Pa.C.S.A. § 9545(b)(4); *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (explaining that "[i]t is well settled

that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA").

Thus, because Ross has failed to prove any time-bar exception, the PCRA court properly concluded that his second petition was untimely, and therefore the court lacked jurisdiction to grant him post-conviction relief. Accordingly, we affirm the PCRA court's order denying Ross' second PCRA petition.

Order affirmed.

Judge Ott joins this Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2018