J-S75032-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL LYNN BRECHT | : | |
| | : | |
| Appellant | : | No. 1011 WDA 2019 |

Appeal from the PCRA Order Entered June 3, 2019
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000524-2013,
CP-62-CR-0000525-2013

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: FILED FEBRUARY 4, 2020

Daniel Lynn Brecht (Brecht) appeals from the order entered by the Court of Common Pleas of Warren County (PCRA court) dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm.

In June 2014, Brecht entered a guilty plea to one count each of rape by forcible compulsion, statutory sexual assault, sexual assault, aggravated indecent assault, indecent assault of a person less than thirteen years old, and corruption of the morals of a minor. The charges stem from his protracted sexual abuse of his two stepdaughters. The trial court sentenced Brecht to an

_____

[*] Retired Senior Judge assigned to the Superior Court.

aggregate term of not less than 188 nor more than 376 months of imprisonment. This Court affirmed the judgment of sentence on September 22, 2015, and Brecht did not file a petition for allowance of appeal with our Supreme Court.[1] Brecht then unsuccessfully litigated a first PCRA petition and was represented by Attorney Paul R. Gettleman.

On May 8, 2019, Brecht filed the instant, untimely pro se PCRA petition, primarily raising claims of ineffective assistance of PCRA counsel Gettleman. The PCRA court entered its order dismissing the petition on June 3, 2019, after issuing notice of its intent to do so. See Pa.R.Crim.P. 907(1). Brecht timely appealed, and he and the PCRA court complied with Rule 1925. See Pa.R.A.P. 1925(a)-(b).

On appeal, Brecht raises numerous disjointed claims of ineffective assistance of PCRA counsel Gettleman. (See Brecht's Brief, at 5-53) (arguing that counsel was ineffective for failing to, inter alia, introduce exculpatory evidence in the form of text messages; present testimony from character witnesses that he had identified; argue his innocence; and argue newly discovered evidence claims in his first PCRA petition based on records showing his medical conditions (1999 heart attack and erectile dysfunction). Brecht also

_____

[1] Brecht's judgment of sentence, therefore, became final on October 22, 2015, when his time to file a petition for allowance of appeal expired. See 42 Pa.C.S. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

contends that the PCRA court erred in denying his request that it recuse itself where it harbored ill will towards him and in denying his PCRA petition, despite his meritorious ineffective assistance of PCRA counsel claims.

Preliminarily, we note, "[o]ur standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error." Commonwealth v. Shiloh, 170 A.3d 553, 556 (Pa. Super. 2017) (citation omitted). "The timeliness of a PCRA petition is a jurisdictional requisite." Id. at 557 (citation omitted).

A petitioner must file any PCRA petition, including a second or subsequent petition, within one year of the date the underlying judgment becomes final. See 42 Pa.C.S. § 9545(b)(1). The exceptions to the PCRA time-bar allow for three very limited circumstances under which the late filing of a petition will be excused. See id.[2] "It is the petitioner's burden to allege and prove that one of

———————————————————————

[2] Specifically, we lack jurisdiction to consider a facially untimely PCRA petition unless a petitioner pleads and proves one of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of

the timeliness exceptions applies." Commonwealth v. Robinson, 139 A.3d 178, 186 (Pa. 2016) (citation omitted).

Brecht filed the instant petition more than three and one-half years after his judgment of sentence became final, and he did not establish the applicability of any of the exceptions to the PCRA time-bar. Instead, he raises myriad claims of ineffective assistance of PCRA counsel which do not constitute a basis for relief from the PCRA's timeliness requirement. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." Commonwealth v Wharton, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted); see also Commonwealth v. Zeigler, 148 A.3d 849, 853 (Pa. Super. 2016) ("Appellant's claim of . . . counsel's ineffectiveness does not satisfy an exception to the PCRA time bar.") (citation omitted). Likewise, Brecht's contention that the PCRA court should have recused itself does not implicate any of the three timeliness exceptions.

Therefore, Brecht's petition is time-barred and the PCRA court lacked jurisdiction to review it. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

_____

Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2020