J-S02034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY JOHNSON | : | |
| | : | |
| Appellant | : | No. 858 EDA 2020 |

Appeal from the PCRA Order Entered February 25, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203601-2001

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    Filed: April 30, 2021

Appellant, Anthony Johnson, appeals *pro se* from the post-conviction court's order denying, as untimely, his petition for relief, and motion for DNA testing, filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On December 14, 2001, Appellant was convicted by a jury of rape, involuntary deviate sexual intercourse, robbery, aggravated assault, and aggravated indecent assault based on the following facts:

> On the evening of November 6, 2000, [the] victim[,] A.M.[,] exited the trolley in Philadelphia after work and began walking home. Appellant approached her on Windsor Avenue, placed his hands over her mouth, and dragged her into an alley. Appellant demanded money, and became agitated when the victim said that she had none.
>
> Appellant searched a gym bag that A.M. was carrying, stole her cell phone, and pushed her further into the alley. When the victim screamed, Appellant beat her until she was nearly unconscious. Appellant then penetrated A.M.'s vagina and anus with his penis,

and inserted his penis into her mouth and ejaculated. After Appellant fled, the victim spat the semen from her mouth into a shirt from her gym bag. The victim went home, and her husband immediately took her to the hospital, where the shirt with the semen was given to police. Police were informed that A.M.'s assailant had taken her cell phone, and they began to monitor its use. The day after the crime, the phone was used twice to contact Franklin Harris, who told police that Appellant had called him from the phone in question.

Harris took the police to Appellant, who insisted that he borrowed the cell phone from Robert Green while they were riding a trolley. Appellant agreed to have blood drawn for DNA testing. Police tracked down Mr. Green and ascertained that he was incarcerated on the day that Appellant purportedly borrowed A.M.'s cell phone from Mr. Green. Appellant's DNA matched the DNA from the semen found on the victim's shirt.

*Commonwealth v. Johnson*, No. 3443 EDA 2016, 2017 WL 6629396, unpublished memorandum at 1 (Pa. Super. filed Dec. 29, 2017).

Following his convictions, Appellant was sentenced to an aggregate term of 25 to 50 years' incarceration. This Court affirmed Appellant's judgment of sentence on August 26, 2004, and our Supreme Court denied his petition for allowance of appeal on March 31, 2005. *Commonwealth v. Johnson*, 860 A.2d 1129 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 871 A.2d 189 (Pa. 2005).

Appellant thereafter filed a timely PCRA petition on May 2, 2005, and counsel was appointed. The petition was ultimately denied, and Appellant did not appeal. He then filed a second, *pro se* petition on January 12, 2009, which was dismissed as untimely. Again, Appellant did not appeal. Instead, he filed a third PCRA petition on September 16, 2010. Counsel was appointed, but moved to withdraw. Counsel was permitted to withdraw, and Appellant's

petition was denied. Appellant went on to file a fourth PCRA petition on July 10, 2014, which was dismissed as untimely. On appeal, we affirmed. *Commonwealth v. Johnson*, 131 A.3d 81 (Pa. Super. 2015) (unpublished memorandum).

Appellant filed a fifth, *pro se* PCRA petition on May 23, 2016. Therein, he claimed, *inter alia*, that

> 1) the Commonwealth committed a *Brady*[1] violation when it failed to inform him that semen discovered in the victim's throat was tested but the results were inconclusive; 2) the Commonwealth committed a *Brady* violation by not revealing to him that blood was discovered on the same shirt that the victim used to collect his semen; 3) trial counsel was ineffective for permitting the jury to hear that semen was found in the victim's throat when DNA testing of that semen was inconclusive; 4) trial counsel was ineffective for failing to obtain DNA testing of the blood on the shirt that also contained Appellant's semen[.]

*Johnson*, No. 3443 EDA 2016, 2017 WL 6629396, unpublished memorandum at 2. The PCRA court dismissed Appellant's petition as untimely, and this Court affirmed on appeal, concluding that Appellant had failed to demonstrate that he could not have discovered the facts underlying his *Brady* claims earlier, and that his challenges to counsel's effectiveness did not satisfy any exception to the PCRA's timeliness requirement. *See id.* at 3. After we affirmed the order denying Appellant's fifth PCRA petition, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Johnson*, 181 A.3d 1280 (Pa. 2018).

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

On July 9, 2018, Appellant filed the *pro se* PCRA petition underlying his present appeal. He filed an amended petition on August 10, 2018, as well as a motion for DNA testing on September 10, 2018. In his PCRA petition, Appellant raised governmental-interference and **Brady** claims premised on the Commonwealth's alleged failure to disclose the DNA testing results of the blood and semen found in the victim's throat and on her clothing. He also argued that his trial counsel acted ineffectively for failing to request DNA testing, and vaguely claimed that he was denied the assistance of counsel on appeal.

On December 17, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to deny without a hearing both Appellant's motion for DNA testing, and his untimely PCRA petition. Appellant did not respond, and on February 25, 2020, the PCRA court issued an order denying both his motion for DNA testing and his petition. Appellant filed a timely, *pro se* notice of appeal. The court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but it issued a Rule 1925(a) opinion on August 17, 2020.

Herein, Appellant raises eight issues for our review:

[I.] Did … [the] PCRA court obstruct [Appellant's] right to appeal by failing to advise [Appellant] of his right to appeal from a final order that is required by [Pa.R.Crim.P.] 907(4)?

[II.] Did … [the] PCRA court obstruct [Appellant's] right to appeal by depriving [Appellant] of his right to have the assistance of appointed counsel to appeal [a] final order that is required by [Pa.R.Crim.P.] 904(f)?

[III.] Did … [the Commonwealth's] fail[ure] to disclose exculpatory DNA [testing results] of semen deprive [Appellant] of a fair trial and right to confrontation under [the] Sixth Amendment and Article []1[,] Section []9[] of [the] Pennsylvania Constitution?

[IV.] Did … [the] PCRA court use [a] motion denying DNA testing to improperly dismiss [Appellant's] March 18, 2008 Amended PCRA petition, as cited by **Com[monwealth] v. Scarborough**, 64 A.3d 602 ([Pa.] 2013)?

[V.] Did … [the] PCRA court present false information of material fact in its opinion dated August 17, 2020, that evidence requested for DNA testing was already subjected to DNA testing, but can not [*sic*] be located in any record?

[VI.] Did … the denial of [Appellant's] request for DNA testing by the PCRA court[] deprive [Appellant] of corrective judicial process to obtain exculpatory DNA information from semen and blood, that [the Commonwealth] failed to disclose at trial, constitute deprivation of liberty without due process under [the] 14th Amendment of [the] United States Constitution?

[VII.] Did … trial counsel breach his duty to investigate, recognized by **Strickland v. Washington**, [466 U.S. 668 (1984),] [thereby] prejudic[ing Appellant's] only line of defense before trial, by failing to investigate and pursue DNA testing of semen and blood that [would] have provided counsel with the necessary DNA information … to … establish[] [Appellant's] innocence with before trial?

[VIII.] Was … [Appellant] deprived of his Sixth Amendment right to counsel at a critical stage of his trial, by counsel's failure to pursue DNA testing of [a] semen sample at trial, that could have exonerated [Appellant], [which] amount[ed] to a denial of assistance as cited by **United States v. Cronic**[, 466 U.S. 648 (1984)]?

Appellant's Brief at v-vi (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the

timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2005 and thus, his present petition, filed in 2018, is facially untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant fails to meet this burden. Notably, he offers no discussion of what timeliness exception he meets, and the issues he raises do not satisfy any exception. For instance, in Appellant's first and fourth issues, he claims that the PCRA court that denied his first, timely PCRA petition and motion for DNA testing erred by not issuing an order formally dismissing his PCRA petition, and by not advising him of his right to appeal from the denial of his motion for DNA testing. **See** Appellant's Brief at 1, 10. He also claims, in his second issue, that the same PCRA court deprived him of his right to have counsel on appeal from the denial of his first PCRA petition by granting counsel's motion to withdraw. **Id.** at 3. Appellant fails to explain how these assertions meet any of the above-stated timeliness requirements. Certainly, Appellant could have discovered and challenged earlier the prior PCRA court's purported errors in these regards. Accordingly, these claims do not overcome the timeliness requirements of the PCRA.

In his third and fifth issues, Appellant claims that the Commonwealth failed to disclose exculpatory DNA test results. **Id.** at 6. He argues that due to this failure by the Commonwealth, the PCRA court should have granted his motion for DNA testing. **Id.** at 7. We disagree. First, this Court has already

rejected Appellant's attempt to meet a timeliness requirement by claiming that the Commonwealth failed to disclose exculpatory DNA evidence. **See Johnson**, No. 3443 EDA 2016, unpublished memorandum at 3. In regard to the PCRA court's denial of Appellant's motion for DNA testing, the court observed that the "DNA was tested, matched [Appellant's] DNA[,] and the evidence was presented at trial as stipulated during [a] June 12, 2008 evidentiary hearing" on Appellant's first PCRA petition. PCRA Court Opinion, 8/17/20, at 4. In other words, the DNA testing that Appellant sought in his present motion has already been done, and the results were admitted as evidence at trial. Accordingly, Appellant has failed to meet the statutory requirements for obtaining DNA testing. **See Commonwealth v. Williams**, 35 A.3d 44, 49 (Pa. Super. 2011) ("The [PCRA] statute sets forth several threshold requirements to obtain DNA testing: (1) the evidence specified must be available for testing on the date of the motion; (2) if the evidence was discovered prior to the applicant's conviction, ***it was not already DNA tested*** because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency.") (citing 42 Pa.C.S. § 9543.1(a)(2)) (emphasis added).

Appellant's remaining three issues raise ineffective assistance of counsel claims. "It is well settled that allegations of ineffective assistance of counsel

will not overcome the jurisdictional timeliness requirements of the PCRA."
***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005).

In sum, none of Appellant's post-conviction claims meets a timeliness exception and, thus, we are without jurisdiction to review the merits of his issues. Moreover, because the DNA testing sought by Appellant has already been done, the PCRA court did not err by denying his motion for DNA testing.

Order affirmed.

Judge Nichols did not participate in the consideration or decision of this case.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>4/30/21</u>