J-S33044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BENJAMIN GAINES :
:
Appellant : No. 2279 EDA 2020

Appeal from the PCRA Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003690-2012

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JANUARY 11, 2022**

Benjamin Gaines appeals from the denial of his petition for relief under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. He argues that the PCRA court erred by denying his PCRA petition and relying on PCRA counsel's *Turner/Finley* letter.[1] We vacate the order denying relief and remand for further proceedings.

On February 6, 2013, Gaines pled guilty to attempted murder and possession of an instrument of crime ("PIC").[2] That same day, the trial court sentenced Gaines to a concurrent term of 15 to 30 years' incarceration for attempted murder and two and one half to five years' incarceration for PIC. Gaines did not file a direct appeal.

_____

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] 18 Pa.C.S.A. §§ 901(a), 2502(a), and 907(a), respectively.

Gaines filed his first timely PCRA petition in February 2014. The PCRA court appointed counsel who filed a ***Turner/Finley*** letter and a petition to withdraw. In November 2016, the PCRA court granted counsel's petition and denied Gaines' petition. Gaines filed an appeal with this Court and we affirmed the denial. ***See Commonwealth v. Gaines***, 2018 WL 3737963 (Pa.Super. filed August 7, 2018) (unpublished memorandum).

Gaines filed the instant PCRA petition, his second, on May 15, 2019. He raised both the governmental interference and the newly discovered fact time-bar exceptions, alleging that the Prothonotary failed to inform him of this Court's decision affirming the denial of his first PCRA petition in August 2018. ***See*** 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii). He alleged that he had no knowledge that his appeal had been denied until March 28, 2019, when he received the court docket from the Prothonotary's Office. ***See*** PCRA Petition Memorandum, filed 5/15/19, at 5. He maintained that because of this error he was prevented from seeking an allowance of appeal from our Supreme Court. ***See*** Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . ."). He also claimed this error obstructed his "right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court." 42 Pa.C.S.A. § 9543(a)(2)(iv). As such, Gaines requested that his right to seek allowance of appeal with our Supreme Court be reinstated *nunc pro tunc*.

In support of his claim, he included a letter he mailed to the Office of the Prothonotary, dated March 14, 2019, inquiring about the status of his appellate case. *See* Prothonotary Letter, dated 3/14/19. He also included a printout of the appellate court docket showing this Court affirmed the denial of his first PCRA petition, which the Prothonotary mailed back in response to his letter. *See* Prothonotary Envelope Addressed to Gaines, postmarked March 25, 2019; Appeal Docket Sheet, Docket No. 3740 EDA 2016, p. 4. In his petition he also attached a letter, dated March 29, 2019, sent to a staff member at his prison facility inquiring whether he had received mail from this Court in August 2018. *See* Inmate Request to Staff Member, dated 3/29/19. The staff member replied in writing that "I don't have any mail coming in for you in Aug[ust] 2018 from Superior Court." *Id.*[3]

The PCRA court appointed counsel who filed a ***Turner/Finley*** letter and a petition to withdraw. Counsel concluded that Gaines failed to show that he did not receive notice from the Prothonotary regarding the status of his case. ***Turner/Finley*** Letter, filed 11/13/19, at 3. Additionally, counsel stated that Gaines' petition was time-barred with no further explanation. The PCRA court granted counsel's petition to withdraw and denied Gaines' PCRA petition. This timely appeal followed. New counsel entered their appearance following the notice of appeal.

---

[3] The response from the prison staff member is on the same form and is dated 4/2/19.

Gaines raises one issue: "Did the PCRA court err in permitting court-appointed PCRA counsel to withdraw absent proper compliance with *Turner/Finley* and in denying PCRA relief?" Gaines' Br. at 5.

The PCRA court maintains that Gaines waived his appellate issue because he did not raise it in his Rule 1925(b) statement before the court. Additionally, it states that should we decline to find waiver, it relies on PCRA counsel's *Turner/Finley* letter. Gaines' Rule 1925(b) statement is as follows:

> The trial court abused its discretion and committed reversible error by agreeing with court appointed counsel and concluding that the PCRA petitioner was without merit in accordance with *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988).

Pa.R.A.P. 1925(b) Statement, filed 12/28/21. Though worded differently, Gaines argues that the PCRA court erred in denying his PCRA petition based on counsel's *Turner/Finley* letter. Therefore, we do not find waiver.

When reviewing the denial of a PCRA petition, we "determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020). Our standard of review of the PCRA court's legal conclusions is *de novo*, while our "scope of review is limited to the findings of the PCRA court and the evidence of record[.]" *Id.*

The PCRA time bar is jurisdictional in nature, therefore where a petition is untimely, "this Court has no jurisdiction over the petition" unless an exception applies. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa.

- 4 -

2005); 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). A petition raising a timeliness exception must be filed within one year from the date the claim could have been raised. 42 Pa.C.S.A. § 9545(b)(2).[4]

A petition is timely where the petitioner files it within one year of the judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the parties do not dispute that Gaines' PCRA petition is untimely. His judgment of sentence became final on March 8, 2013, when his time to appeal to this Court expired. **See** Pa.R.A.P. 903(a). Gaines raised both the governmental interference and the newly discovered fact time-bar exceptions. **See** 42 Pa.C.S.A. § 9545(b)(1)(i), (ii). We address Gaines' claim regarding the newly discovered fact exception as it is dispositive of this appeal.

The newly discovered fact exception requires a petitioner to plead and prove "that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017); 42 Pa.C.S.A. § 9545(b)(1)(ii). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based

---

[4] The Legislature amended Subsection 9545(b)(2) from 60 days to one year for all claims arising on or after December 24, 2018.

on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa.Super. 2015) (*en banc*). This exception "does not require any merits analysis of the underlying claim." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

Gaines claims he did not become aware of this Court's decision until March 2019, after he made inquiry with the Prothonotary's Office. In his PCRA petition he attached his letter of inquiry to the Prothonotary's Office as well as a letter to the staff at the prison facility where he is housed. The letter from the prison staff stated that they did not receive mail from this Court for him in August 2018. Based on the information provided in his PCRA petition, there is an issue of material fact as to when Gaines learned of the denial of his appeal. An evidentiary hearing is therefore necessary. *See* Pa.R.Crim.P. 908(A)(2) (providing court shall order a hearing "when the petition for post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact"). We thus conclude that the PCRA court erred by dismissing Gaines' petition and relying on counsel's *Turner/Finley* letter. We reverse the order dismissing the petition and remand for an evidentiary hearing to determine if Gaines has satisfied the newly discovered fact exception.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/11/2022</u>