J-A27027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THEOPHILUS L. BALDWIN | : | |
| | : | |
| Appellant | : | No. 233 MDA 2022 |

Appeal from the PCRA Order Entered January 10, 2022
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000302-2014

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: FEBRUARY 22, 2023**

Theophilus L. Baldwin appeals from the denial of his Post-Conviction Relief Act ("PCRA") petition for untimeliness. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following a jury trial, Baldwin was found guilty of multiple crimes under the Controlled Substances Act. The court sentenced him to an aggregate term of 10 to 20 years' imprisonment. This Court affirmed and Baldwin sought no further appeal. ***See Commonwealth v. Baldwin***, 2016 WL 800677, at *1 (Pa.Super. filed March 1, 2016) (unpublished memorandum).

Baldwin filed the instant *pro se* PCRA petition, his second, on October 25, 2021. He argued a violation of his constitutional rights, ineffective assistance of counsel, and a proceeding without jurisdiction. He acknowledged

---

[*] Retired Senior Judge assigned to the Superior Court.

that his petition was untimely and claimed the governmental interference and the newly recognized constitutional right time-bar exceptions. He maintained that the Attorney General had fabricated evidence to the Grand Jury and that prior PCRA counsel had abandoned him. In support of his contention of fabricated evidence, Baldwin attached a pretrial motion and a petition for writ of *habeas corpus* for two unrelated defendants. He noted that in those cases, counsel alleged that the Attorney General's office presented false evidence. Regarding his case, he highlighted that the criminal complaint stated that a witness sold heroin with Baldwin in June 2012, but the same witness testified that he did not meet Baldwin until September 2012. ***See*** Brief Summary Attachment to Petitioner's October 2021 at 1 (unpaginated).[1] He also noted that "the prosecution admitted during trial that [Baldwin] and Wilson [his co-defendant] were not an accomplice to one another." ***Id.*** at 2 (unpaginated).

The PCRA court issued notice of its intention to dismiss the petition. In the notice, it concluded that Baldwin had failed to satisfy any time-bar exception. ***See*** Notice, filed 11/4/21, at ¶ 3. It also stated that his claims were meritless because they were all previously litigated. ***See id.*** Baldwin filed a response to the notice that did not address the timeliness issue, and the court dismissed his petition. This timely appeal followed.

Baldwin raises the following issues, which we reprint verbatim (omitting Baldwin's suggested answers):

---

[1] This document is attached to Exhibit C of Baldwin's PCRA petition.

1. Did the PCRA Court ["Ruest"] err by allowing PCRA Counsel ["Justin P. Miller, Esq."] to withdraw based upon Counsel's No-Merit Letter, which represent that Appellant-Defendant provided Counsel with Information/Documentation demonstrating how the OAG conspired to tie ["Baldwin"] into a larger conspiracy where numerous witnesses perjured themselves to do so, and that the OAG actually committed such act, resulting in PCRA Counsel being Ineffective[?]

2. Did the Commonwealth commit prosecution misconduct; specifically where several witnesses testified falsely during trial and the conviction was obtained using false evidence that was provided to both, the petit and Grand Jury[?]

Baldwin's Br. at 4 (suggested answers omitted) (some brackets in original).

We review the grant or denial of PCRA relief by determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

The court lacks jurisdiction to entertain a PCRA petition unless the petitioner files the petition within the PCRA's time limits. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005). The PCRA's time limits require a petitioner to file any petition seeking PCRA relief within one year after the judgment of sentence becomes final unless a statutory exception to the one-year rule applies. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at § 9545(b)(3).

- 3 -

The timeliness exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at. § 9545(b)(1)(i)-(iii). The petitioner must raise any claim to one of the exceptions within one year of the date that the claim could have been presented. *Id.* at § 9545(b)(2).

Here, Baldwin's judgment of sentence became final on March 31, 2016. *See* Pa.R.A.P. 1113 (providing 30 days from entry of Superior Court order to file petition for allowance of appeal to the Supreme Court). The one-year deadline therefore expired on March 31, 2017. Baldwin did not file the instant petition until October 25, 2021. Thus, the instant petition, which he filed more than five and a half years after his judgment of sentence became final, was patently untimely. To overcome the untimeliness, Baldwin attempted to raise the governmental interference and newly recognized constitutional right exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i), (iii). The PCRA court concluded that neither exception applied here.

On appeal, Baldwin does not dispute that conclusion. Instead, his issues on appeal contend that counsel on his first PCRA petition was ineffective for filing a no-merit letter and that the Commonwealth committed prosecutorial misconduct at trial. He therefore has given us no basis on which to grant him relief. Moreover, we perceive no error in the PCRA court's ruling.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023